**UNITED STATES of America, Plaintiff,**

v.

**Dean David YOUNG, Defendant.**

**Civ. A. No. 85–CR–204.**

United States District Court,
D. Colorado.

Oct. 23, 1985.

Richard J. Nolan, Asst. U.S. Atty., Denver, Colo., for plaintiff.

Michael S. Axt, Denver, Colo., for defendant.

## ORDER

KANE, District Judge.

Several packages were taken to the Federal Express office in Fort Lauderdale, Florida. Federal Express employee Zito opened one of the packages and observed a white powder. Zito then contacted the Drug Enforcement Administration. A field test identified the powder as cocaine. The package was rewrapped and sent to its destination in Denver. The defendant was arrested when he claimed the package in Denver.

The defendant has moved to suppress all items seized as a result of the June 7, 1985 warrantless search conducted by Zito at the Federal Express office in Florida. The defendant claims that the search of the package by Zito was not a private search, but was made with the knowledge, acquiescence, and/or encouragement of the DEA. In support of its motion the defendant cites *United States v. Jacobsen,* 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984), *United States v. Walther,* 652 F.2d 788, 793 (9th Cir.1981), and *United States v. Barry,* 673 F.2d 912, 915 (6th Cir.1982), *cert. denied,* 459 U.S. 927, 103 S.Ct. 238, 74 L.Ed.2d 188.

In *Jacobsen,* the Supreme Court stated that the search and seizure clause of the Fourth Amendment is wholly inapplicable "to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official." 466 U.S. at 113, 104 S.Ct. at 1656, citing *Walter v. United States,* 447 U.S. 649, 662, 100 S.Ct. 2395, 2404, 65 L.Ed.2d 410 (1980) (Blackmun, J., dissenting). In *Jacobsen,* employees of Federal Express opened a package that had been damaged in order to examine the contents pursuant to a written company policy regarding insurance claims. The employees found white powder inside the package, rewrapped the package, then contacted the federal agents. The Supreme Court held that the federal agents' removal of the contents from the package and the agents' visual inspection of the contents did not constitute a "search" within the meaning of the Fourth Amendment because the agents did not learn anything that had not previously been learned during the private search. The court also held that a field test, which exceeded the scope of the private search, was not a "search" subject to the Fourth Amendment because the test did not compromise any legitimate interest in privacy.

In *Walther,* the Ninth Circuit held that "the government cannot knowingly acquiesce in and encourage directly or indirectly a private citizen to engage in activity which it is prohibited from pursuing where that citizen has no motivation other than the expectation of reward for his or her efforts." 652 F.2d at 793. The court listed two factors that are critical in determining whether a private party was acting as an instrument or agent of the government: 1) the government's knowledge or acquiescence, and 2) the intent of the party performing the search. *Id.* at 792. In *Walther,* the Ninth Circuit held that the evidence provided proof of the government's acquiescence in the search because the private party had been rewarded for providing drug-related information in the past. In addition, the DEA had knowledge of a particular pattern of search activity dealing with a specific category of cargo, and had acquiesced in such activity. The

Ninth Circuit also held that the evidence supported a finding that the private party had the requisite mental state of an instrument or agent of the government because the evidence indicated that the private party opened the package with the expectation of probable reward from the DEA. In addition, the private party testified that the only reason why he opened the package was because he suspected that it contained illegal drugs.

In *Barry*, a damaged package was referred to a company service agent who, under normal circumstances, would have taken it to a "rewrap agent." The agent saw four bottles containing pills through a small hole in the package, however, and contacted a security manager. The security manager then called the DEA. The court held that the search was private and hence not subject to the warrant requirement of the Fourth Amendment.

The government, on the other hand, asserts that it did not instigate or control the actions of the Federal Express employees.

From the evidence I find that Zito is a private individual who was not acting as a government agent nor was he acting under the direction of a government official. Zito's sole motivation was not the expectation of reward from the government for his efforts. Rather, his testimony is uncontradicted that he acted to protect his employer and fellow employees from the dangers inherent in the presence of contraband in the company's environs. Among these dangers are the possibility of retaliation against the employees occasioned by the loss of such contraband in transit, the temptation to steal such items or succumb to entreaties to participate in illegal trafficking to the detriment of the employer and other employees. These reasons are sufficient to establish independence from government control and thereby avoid the imputation that a private individual is no more than a shill for a government agency intent upon avoiding the discipline imposed upon it by the Fourth Amendment. The government alone is not the only entity interested in combating the illegal flow of controlled substances. The motion is denied.