UNITED STATES of America, Plaintiff,

v.

Gordon T. CONNOLLY, Defendant.

No. 86–CR–82.

United States District Court,
D. Colorado.

July 7, 1986.

Patrick Murphy, Asst. U.S. Atty., Denver, Colo., for plaintiff.

Michael S. Axt, Denver, Colo., for defendant.

ORDER DENYING MOTION
TO SUPPRESS

KANE, District Judge.

The defendant has moved to suppress all items seized as a result of a warrantless search conducted by a Continental Airlines employee on February 15, 1986. The facts are: 1) Continental Airlines baggage service intercepted defendant's baggage, which had lost its external identification; 2) the employee opened the bag for the purpose of ascertaining destination and ownership identification and consequently discovered a bag containing white powder; 3) defendant's passport was found in a purse

inside the bag by a supervisor; 4) The Stapleton Narcotics Unit was notified and a Denver Police Department Lieutenant assumed custody of the property; 5) Continental employees verified that defendant was on a Continental flight to Kansas; 6) the majority of the white powder was removed and the baggage was placed on the next Continental flight to Wichita; 7) contact was made with the Wichita, Kansas police and surveillance of defendant was arranged by Denver police; and 8) defendant was arrested when he claimed his baggage.

Defendant's argument is that the warrantless search was not a private search, but rather one made with the knowledge, acquiescence and encouragement of the DEA. Defendant cites *United States v. Jacobsen*, 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984) (employees of private freight carrier examined a damaged package and observed a white powdery substance. The court held the search was one which was private and therefore did not violate the Fourth Amendment; the DEA official did not learn anything which was not already learned through the private search), and *United States v. Walther*, 652 F.2d 788 (9th Cir.1981) (airline employee opens a suspicious looking package with the sole motive of finding drugs and having an expectation of compensation from the DEA; the court classified him as an agent or instrument of the government. The search was held in violation of the Fourth Amendment.) Defendant asserts that testimony will establish an ongoing relationship between Continental employees and the Stapleton Narcotics Unit sufficient to render the search a violation of the Fourth Amendment. Defendant alleges that the company's actions are cloaked with a federal purpose and cites *United States v. Barry*, 673 F.2d 912 (6th Cir.1982) (Federal Express manager opened a damaged and suspicious package and found contraband. Although the company had a desire to assist the DEA, the package originally came under special examination for private reasons of company policy; therefore, the company's actions cannot be cloaked with a federal purpose). Defendant also claims that the case at hand is distinguishable from my recent decision in *United States v. Young*, 620 F.Supp. 79 (D.Colo.1985) (the Federal Express employee, when opening the package and finding cocaine, was a private individual not acting under the direction of a government official. His motivation was not the expectation of reward, but rather to protect the interests of his employer and fellow employees. The motion to suppress was denied).

The government responds the initial search was conducted by a private party and, therefore, the Fourth Amendment does not apply. Further, the search did not go beyond the scope of the private search, and the defendant's expectation of privacy no longer existed. The only further action which the government took was a field test which did not constitute a "search" within the meaning of the Fourth Amendment, *United States v. Jacobsen*, 466 U.S. 109, 123, 104 S.Ct. 1652, 1662, 80 L.Ed.2d 85 (1984).

The government is correct. This was not a search within the meaning of the Fourth Amendment. *See United States v. Walsh, et al.*, 791 F.2d 811 (10th Cir.1986). The evidence does not establish that Continental Airlines employees were working under the direction, control or in connivance with federal or state law enforcement agencies so as to make Continental a factotum or agent of the government. The principle and guiding purpose of the search by Continental was to establish identity of destination and ownership because the bag did not display any tag or external identification.

Accordingly,

IT IS ORDERED that the motion to suppress is denied.